

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,651

### EX PARTE DAVID LAMAR TARBUTTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-1864-95-B IN THE 93RD JUDICIAL DISTRICT COURT
### FROM HIDALGO COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted pursuant to a single

indictment of one count of possession of child pornography, for which he received a ten year

sentence, one count of indecency with a child by exposure, for which he also received a ten year

sentence, one count of aggravated sexual assault of a child, for which he received a thirty year

sentence, and one count of indecency with a child by contact, for which he received a fifteen year

sentence. The Court of Appeals affirmed his conviction. *Tarbutton v. State*, No. 13-98-00101-CR

(Tex. App. – Corpus Christi, July 22, 1999, pet. ref'd).

Applicant contends, *inter alia*, that he was denied due process because the jury charge in the aggravated sexual assault of a child count allowed for a non-unanimous jury verdict on that count.

The trial court has determined that the jury charge in the aggravated sexual assault count was erroneous, that the prosecutor mis-informed the jury regarding the unanimity requirement, and that Applicant was egregiously harmed by the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). We find, therefore, that Applicant is entitled to relief. The judgment of conviction in Count Three of Cause No. CR-1864-95-B from the Judicial District Court of Hidalgo County is set aside, and Applicant is remanded to the custody of the Sheriff of Hidalgo County to answer the charges as set out in Count Three of the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 28, 2011
Do Not Publish